In re Sidney A. LUTZ and Diane
C. Lutz, Debtors.

George P. Dakmak, Trustee,
Plaintiff–Appellant,

v.

United States of America,
Defendant–Appellee.

No. 97–72678.

United States District Court,
E.D. Michigan,
Southern Division.

March 15, 1999.

Robert A. Peurach, Fitzgerald & Dakmak, Detroit, MI, for plaintiff.

Peter Sklarew, Karen A. Smith, Department of Justice—Tax Division, Washington, D.C., Patricia G. Gaedeke, United States Attorney's Office, Detroit, MI, for defendants.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I. Introduction

#### A.

This is a chapter 7 bankruptcy appeal. 28 U.S.C. § 158. George P. Dakmak, the bankruptcy trustee in this proceeding (the trustee), commenced an adversary proceeding against the United States Internal Revenue Service (IRS) to recover a preferential payment made by the debtors to the IRS. The bankruptcy court found that the payment was not a preference. In a Memorandum and Order dated August 12, 1998 (hereinafter referred to as the Court's decision), the Court vacated the decision of the bankruptcy court and remanded the case to the bankruptcy court for further proceedings.

#### B.

The trustee and the IRS have moved for rehearing pursuant to Fed.R.Bankr.P. 8015. Under E.D. Mich. L.R. 7.1(g)(3):

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and parties have been misled but also show that correcting the defect will result in a different disposition of the case.

The trustee raises one procedural issue and one substantive issue in its motion. The Court addressed and disposed of the substantive issue in its decision. The IRS raises several issues, which can be categorized as follows: (1) waiver of the "hindsight" argument on appeal; (2) disagreement with the "hindsight" approach; and (3) exclusion of certain administrative expenses.

For the following reasons, neither of the motions meet the standard set forth in E.D. Mich. L.R. 7.1(g)(3). Accordingly, each motion will be denied.

## II. Background

The factual and procedural history of this matter is stated in the Court's Memorandum and Order dated August 12, 1998 (hereinafter referred to as the Court's decision). In short, about one week prior to filing their bankruptcy petition, the debtors paid $82,290.73 to the IRS for federal income tax liabilities, including interest and penalties, for the 1990 and 1992 tax years. The trustee moved to set aside the payment as a preference under § 547 of the Bankruptcy Code on the grounds that the payment enabled the IRS to receive more than it would have had the payment been made under the Bankruptcy Code.[1]

■ In determining whether a payment is a preference, a bankruptcy court must construct a hypothetical liquidation to determine what the creditor would have received had the payment not been made under the Bankruptcy Code. *See Neuger v. United States (In re Tenna Corp.),* 801 F.2d 819, 821 (6th Cir.1986). In short, the bankruptcy court was required to determine the property of the estate, prioritize the claims against the estate, and then hypothetically liquidate the estate. If the creditor to which the purportedly preferential payment was made received less under the hypothetical liquidation than it actually received, the payment was a preference. Preferential payments are avoided by the bankruptcy court and the trustee may recover the property transferred. *See* § 550.

The bankruptcy court here did not construct a hypothetical liquidation. Rather, notwithstanding the fact that Congress gave the trustee's fees and expenses priority over the IRS's payment, *see* §§ 507(a)(1), (8), the bankruptcy court opined:

If the plaintiff succeeds here it can only be on the basis that his attorney is entitled to receive as an administrative expense the amount that the trustee claims in his affidavit. Any recovery here by the plaintiff will be devoted, not to benefit creditors, but to satisfy his attorney's claim for fees. We hold that a trustee cannot succeed in a preference action where it is conducted essentially for the benefit of his attorney. Form must yield to substance in the unique circumstances of the present proceeding.

212 B.R. at 850. The bankruptcy court did not calculate—under any approach—the amount of the trustee's fees and expenses that would be allowed as administrative expenses.

Thus, the Court had the obligation to construct a hypothetical liquidation on appeal. Because the Court reviewed the grant of the IRS's motion for summary judgment, the Court viewed the facts in the light most favorable to the trustee. Therefore, the Court considered the expenses asserted by the trustee as allowed administrative expenses, noting, however, that the bankruptcy court had an obligation to make findings of fact in this regard on remand. The Court then constructed the hypothetical liquidation and found that the payment was a preference. Thus, the Court vacated the bankruptcy court's decision and remanded the case to the bankruptcy court for further proceedings. Neither party disputes that the Court had an obligation to construct the hypothetical liquidation.

In Part IV of the decision, the Court instructed the bankruptcy court with regard to calculating the administrative expenses in order to construct the hypothetical liquidation on remand. It is this portion of the decision that serves as the basis for many of the IRS's arguments in its motion for rehearing.

---

1. Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

### III. Trustee's Motion

The trustee raises two issues. First, the trustee asks the Court to enter a judgment in favor of the trustee for $10,392.41, an amount acknowledged by each party to be a preference. The IRS responds that there was never a live controversy over this amount.[2] Given that the case is remanded to the bankruptcy court, the Court leaves the form and entry of any judgment to the bankruptcy court.

■ Second, the trustee argues that the Court misconstrued § 547(b)(5) by rejecting the argument that the entire $82,290.73 must be avoided as a preference simply because the $10,392.41 attributable to penalties was a preference. The IRS responds that two debts were satisfied when the $82,290.73 was transferred: $71,898.32 in taxes and interest; and $10,392.41 in tax penalties. The IRS asserts that the preference analysis is to be conducted for each debt separately.

The trustee's argument "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." The Court rejected the trustee's argument in the earlier decision, noting that the single payment of $82,290.73 satisfied two distinct legal obligations with different priorities. The trustee's argument is essentially one of "form over substance." Although in form the payment arguably was a single transfer, in substance the payment satisfied two debts. The Court is satisfied that this preference issue was properly analyzed.

### IV. IRS's Motion

#### A. Waiver of "Hindsight" Argument

■ The IRS's first argument is that, although the "hindsight" argument was argued in and decided by the bankruptcy court, the trustee waived the argument on appeal. In the interest of justice, however, the Court may address an error of the bankruptcy court *sua sponte* on appeal. *See United States v. Winston*, 37 F.3d 235, 241 (6th Cir.1994) (citing *United States v. Merklinger*, 16 F.3d 670, 676 (6th Cir. 1994)). The Court addressed the issue in its instructions to the bankruptcy court on remand because the bankruptcy court erred in failing to construct the hypothetical liquidation consistent with the Court of Appeals for the Sixth Circuit's decision in *Tenna*. As noted in the Court's decision, the Court of Appeals in *Tenna* expressly stated that "any administrative expenses incurred during the pendency of the bankruptcy proceeding should be included" in constructing the hypothetical liquidation. 801 F.2d at 823. Because the bankruptcy court may not ignore the Sixth Circuit's decision in *Tenna* on remand, the Court, in the interest of justice, addressed the issue *sua sponte*.

#### B. Disagreement with the Hindsight Approach

The IRS also takes exception with Part IV of the decision, in which the Court gave the bankruptcy court guidance in calculating the administrative expenses for purposes of constructing the hypothetical liquidation on remand. Essentially, there are two methods for calculating administrative expenses for purposes of a hypothetical liquidation: (1) the hindsight approach; and (2) estimation. The Court instructed the bankruptcy court as to the former, and the IRS vehemently argues in its motion for rehearing that the latter is the correct approach. The IRS's arguments are unpersuasive.[3]

■ Although the so-called "testing date" for the hypothetical liquidation is the

---

2. The IRS represents that a check was being processed and would be sent to the trustee.

3. Even if the Court agreed with the IRS, the case would still have to be remanded to the bankruptcy court. Given that the bankruptcy court did not make any findings regarding allowed administrative expenses under either approach, the Court would still be required to accept the facts in the light most favorable to the trustee. Thus, the conclusion that the payment to the IRS was a preference would not change for purposes of this appeal.

date the petition in bankruptcy is filed, the Court of Appeals for the Sixth Circuit has stated that "administrative expenses incurred during the pendency of the bankruptcy proceeding should be included in" the hypothetical liquidation because they "are a constant element in all bankruptcy proceedings and can be derived with some degree of certainty, even when constructing a hypothetical liquidation." *Tenna*, 801 F.2d at 823. In this light the Court noted that the bankruptcy court on remand need not ignore the actual administrative expenses in calculating the administrative expenses for purposes of the hypothetical liquidation. The IRS terms this approach the "hindsight" approach.

The IRS in its motion for rehearing essentially asks the Court to instruct the bankruptcy court to estimate what the administrative expenses would have been at the time the petition was filed. The Court declines to do so, because this approach effectively requires the bankruptcy court to ignore the actual facts of the case.

The reasons the IRS advanced in favor of this approach are perplexing. The Court agrees with the IRS that "[b]ankruptcy courts have ample experience to estimate how much it will cost to liquidate various kinds of assets and even to estimate attorney fees that may be incurred." The IRS, however, seems to endorse the "hindsight" approach when it observes that such estimations may be inaccurate, particularly in this case. According to the IRS: "not all kinds of administrative expenses are a constant element in all bankruptcies and not all expenses can be projected with 'some degree of certainty.'" The IRS notes that in this case the trustee's claimed expenses are "not a constant element in all bankruptcies and ... were certainly not readily susceptible to estimation."

The IRS has not argued that, if allowed, such expenses are not priority expenses in an actual liquidation. Rather, the IRS would have the bankruptcy court ignore the actual expenses so the bankruptcy

court, can attempt to estimate what those expenses would be. The IRS has not advanced a sound reason to support this argument. Presumably, the only reason for the argument is that the IRS believes the bankruptcy court would estimate the expenses to be lower than those that will be allowed by the bankruptcy court. The IRS, therefore, has not persuaded the Court that the following rationale, as stated in the decision, is erroneous:

> The bankruptcy court in this case had before it the actual administrative expenses incurred through December 31, 1996.... There is no reason to make the bankruptcy court look back to the estate as it existed at the time the petition was filed in order to estimate the administrative expenses when the actual administrative expenses in a particular bankruptcy are readily ascertainable, and the only determination is whether the compensation for services rendered is reasonable.

The Court noted that this approach "will allow a realistic view of what 'such creditor would receive if ... such creditor received payment of such debt to the extent provided by the provisions of this title' under § 547(b)(5)." The IRS's approach is contrary to the Sixth Circuit's admonition in *Tenna* that "administrative expenses incurred during the pendency of the bankruptcy proceeding *should be included*[.]" *Tenna*, 801 F.2d at 823 (emphasis added). The Court is satisfied that the approach as stated in its decision is the better view.

### C. Exclusion of Certain Administrative Expenses

 The IRS also argues that the types of expenses responsible for the bulk of the administrative claims should be excluded from the hypothetical liquidation for various reasons. The IRS notes that excluding a small portion of the trustee's fees and expenses obviates the need for remand; that is, if there are fewer administrative expenses entitled to priority, the IRS would not have received a preference.

The Court noted that, in reviewing the grant of summary judgment, it accepted the facts in the light most favorable to the trustee for purposes of the appeal. The IRS is essentially asking the Court to make findings regarding various aspects of the fees and expenses asserted by the trustee. The Court declines to do so. The IRS's arguments are more appropriate for the bankruptcy court on remand.

## V. Conclusion

For the foregoing reasons, neither of the motions meet the standard set forth in E.D. Mich. L.R. 7.1(g)(3). Accordingly, the trustee's motion for rehearing is DE-NIED, and the IRS's motion for rehearing is DENIED.

SO ORDERED.